Our final case of the morning is United States v. Calan-Montiel Your Honor, and may it please the Court, My name is Daniel Judge, and I represent Appellant Mr. Oscar Calan-Montiel. We respectfully request that this Court reverse the lower court's denial of Mr. Calan-Montiel's motion to dismiss and his subsequent conviction. The Supreme Court has long recognized that the Fifth Amendment entitles noncitizens to the due process of law and deportation proceedings. Among these due process rights is the right to a reasonably calculated notice and the right to a meaningful opportunity to be heard. In order to convict Mr. Calan-Montiel of illegal reentry, the government must prove beyond a reasonable doubt that, among other things, Mr. Calan-Montiel was previously removed or deported from the United States. However, the government is unable to prove this element of the crime because the 2011 removal order was issued by an immigration court that lacked jurisdiction at the time. I'm lost, Mr. Judge. There is no doubt that there was a removal order in 2011 and that your client was, in fact, removed pursuant to that order. You want to wage a collateral attack on that order. The government doesn't have to show anything. Under the statute, that's 8 U.S.C. 1326d, your client needs to show three things. How have they been shown? Yes, Your Honor. Under Section 1326d, Mr. Calan-Montiel meets all three prongs for several reasons. First, under the exhaustion of available remedies prong, Mr. Calan-Montiel is exempt from this requirement because the immigration court lacked the ability and confidence to resolve the issue or grant relief. And that's consistent with this court's opinion in Iter V. INS, as well as the Ninth Circuit's opinion in Noriega-Lopez, in which it stated that— I don't think you want to be relying on the Ninth Circuit, right? Palomar Sanchez, which the Supreme Court decided in May, said that the Ninth Circuit was completely wrong about that statute. So you need to be talking about the language of the statute and the holding of the Supreme Court in Palomar Sanchez. Your Honor, Palomar Santiago is actually consistent with our position as—if I could refer you to opening brief pages 26 to 28. In Palomar Santiago, the Supreme Court made clear that a noncitizen must satisfy all three prongs of the task. This is a burden that we met and we identified in the opening brief. Up until that case, this court has consistently looked to all three prongs of 1326d, but otherwise not affirmatively stated that the noncitizen must meet all three. Regardless, Mr. Calan-Montiel does. Still underneath the exhaustion requirement, Mr. Calan-Montiel should also be excused because appealing through the administrative process would have been futile. It was not until four years after Mr. Calan-Montiel— That's where we have trouble. There isn't anything in the statute about futile. There are things you have to do in the statute. And in fact, we have addressed before a contention, well, we didn't really have to do those things because it would have been futile. And I don't think that's fared very well in this circuit. And it certainly doesn't seem to have any support in the Supreme Court's opinion in Palomar. That's what the Ninth Circuit thought. And it—well, it got its hat handed to it. Your Honor, it is true that in most cases noncitizens have not been excused from the first prong of 1326d. No one can be excused from it. It's a statute. It has to be followed unless the statute is unconstitutional. The Supreme Court said in Palomar it must be followed. There aren't any excuses. There aren't any exceptions. There are three things that have to be shown. Yes, Your Honor. In addition, though, Mr. Keogh-Montiel also raises substantial constitutional questions concerning due process, fair notice, and the authority of administrative agencies. And under the second prong of 1326d, Mr. Keogh-Montiel was deprived of an opportunity for judicial review, the second requirement that he must show under the statute. He was deprived of judicial review because the lack of notice constituted a defect in an administrative proceeding. I must say I'm just lost. If he didn't get proper statutory notice, that would be a reason for judicial review. Not a reason why he was deprived of judicial review. And, in fact, we have cases about that very issue, too. Yes, Your Honor. But the Supreme Court has recognized in Mendoza-Lopez that there must at least be an alternative review provided. This court in Manriquez-Alvarado ruled that one must still make an opportunity, even if it appears that it would have been futile, to seek judicial review. In this case, Mr. Keogh-Montiel was deprived of a notice that would have enabled him to make an opportunity of the proceedings against him. He sat for nearly a year waiting after it had only been served a notice to appear that stated at a time to be set and a date to be set. In order for the government to have removed Mr. Keogh-Montiel in absentia, the statute requires that the government prove by clear, unequivocal, and convincing evidence that Mr. Keogh-Montiel was served adequate notice with specific time and place information. Last time, you were confusing a potential attack on the initial removal order with the three conditions in the statute for being able to challenge the initial removal order. One of those conditions is exhausting administrative remedies, and another is exhausting judicial remedies. And I take it that it's just conceded that administrative and judicial remedies were not used at the time. Your Honor, respectfully, our argument is that because Mr. Keogh-Montiel was deprived of the notice to exercise his due process rights, he was not able to meet all of the requirements under 13-2016. Well, isn't that it, right? That was what the Ninth Circuit said in Palomar. Well, it's true he can't meet the requirements, but we're going to excuse meeting those requirements because, and then here insert something. And we know that it got reversed. There is no support for that position at the Supreme Court. Your Honor, respectfully, Palomar was a distinct case because in Palomar, the Supreme Court held that a non-citizen is not excused from his obligation to satisfy the second and third prongs of 13-2016 just because a previously removable offense is no longer removable. Those facts are not the same here, and the most applicable facts from Palomar handed down from the Supreme Court is that Mr. Keogh-Montiel must meet all three prongs of 13-2016. That's what the statute says, and that's what Palomar held. Yes, Your Honor. Not one, not two, all three. Yes, Your Honor. And under the first prong, the exhaustion from available remedies, in Ortiz-Santiago, the case that we cite and suggest either be distinguished or overturned, this court recognized that the case would have been different if a court of appeals somewhere else in the United States had ruled differently on the facts before Mr. Ortiz-Santiago brought his case. That court's recognition of the difference in timing is exactly the facts that are before this court today in Mr. Keogh-Montiel's case. Your Honor, unless the court has additional questions, I would respectfully like to reserve the remainder of my time for rebuttal. Certainly, Mr. Judge. Mr. Simpson. Thank you, Your Honor, and good morning, Your Honors. May it please the court. I'm Scott Simpson on behalf of the United States. We really haven't referred yet to what is the elephant in the room here or really the three elephants in the room. That is, this court's existing decisions on the issues presented here. I don't see why our existing decisions count for beans. We have a statute. We have a decision of the Supreme Court. We should be trying to follow those two things. Correct, Your Honor. But this court's existing decisions settle these questions, and we submit that the court should follow, continue to follow those existing decisions. This court settled just two... Counsel, one possibility is that the Supreme Court said in Palomar the same kinds of things the Seventh Circuit had been saying all along. And in that event, we follow Palomar. The other possibility is that Palomar says something different from what the Seventh Circuit has been saying all along. And in that event, we follow Palomar. Why do we ignore Palomar and follow the Seventh Circuit when the Supreme Court has addressed this very problem under this exact statute? Your Honor, with respect, I really don't read Palomar-Santiago to address this particular, this exact issue. Palomar-Santiago was on when the crime that had been used to find the defendant removable... The Supreme Court did not decide Palomar on its facts. It decided it on a legal theory having to do with the language of the statute. Now, to the extent I understand Seventh Circuit law, everything Palomar said is consistent with what this circuit has been saying for years. I agree. We can go back and start from square one. But Palomar is the definitive authority, and usually we try to follow the highest prevailing authority. Yes, Your Honor, certainly. But as the court has just observed, there's nothing in Palomar-Santiago that is contrary to what this court has been saying in Ortiz-Santiago and Manriquez-Alvarado and so forth. So I think the court, there's no change here that should affect whether the court continues to follow its existing precedent on the very issues presented here. Just last year in Manriquez-Alvarado, the court said that overruling Ortiz-Santiago is not in the cards. And in our view, nothing has happened since then to change the court expressed at the time. If I could address just briefly just one of the arguments made by the defense. As the court observed earlier, the government does not need, as the defense said in its brief, does not need to provide any evidence that Calan Montiel received a notice to appear with the time and place of his hearing. The statutes in this area favor finality. The burden is on the defendant to show that he can collaterally attack his removal order, notwithstanding the prohibition against collateral attack. And this court's existing decisions establish that he cannot satisfy that burden. Can we submit the arguments? The factual arguments. Can the court still hear me? Yes. There was a pause, but you're back online. All right, good. Thank you. Your face is online, but your voice is online. All right, good. The factual arguments that the defense makes now, he should have made during the removal proceedings or in a motion to rescind the removal order, but he did not. The defendant's reply brief totally ignored this court's decision in Hernandez Perdomo. And I don't think defense counsel brought up that decision in his argument either. In that case, this court held that removal in absentia does not permit a noncitizen to challenge his removal order collaterally under Section 1326D. The court noted that one of the defendants in that case, Hernandez Perdomo, was completely unaware of the scheduling of his removal hearing, and that the record did not reveal whether the other defendant, quote, ever knew of his hearing date, close quote. But still, the prohibition against collaterally attacking a removal order applied in Hernandez Perdomo, as we submit it should apply here. So unless there are more questions from the court, we would urge the court to affirm the district court's judgment and the denial of the motion to dismiss. Thank you. Thank you, Mr. Simpson. Anything further, Mr. Judge? Yes, Your Honor. Just two brief points. First, this court has accepted a two-step procedure in Ortiz-Santiago, as well as in Hernandez Perdomo, Dabana, and Artida Campos. In all of those cases, this court has looked to the facts of when service was provided at the same time that it considers 1326D, the collateral attack prongs. As a result, the lack of service is applicable to Mr. Keon-Montiel's satisfaction of all three prongs, consistent with Supreme Court guidance of 1326D. And second, the Supreme Court also recently ruled in these chaves that a two-step procedure may, in fact, violate the statute, and expressly rejected a notice-by-installment theory for a notice to appear. Once again, consistent with that, Mr. Keon-Montiel was deprived of his due process rights, and as a result, meets all three prongs under the 1326D test, as explained in our brief. For the foregoing reasons, we respectfully request that this court reverse the lower court's denial of Mr. Keon-Montiel's motion to dismiss and his subsequent conviction. Thank you, Your Honor. Mr. Judge, we appreciate your willingness to accept the appointment and to present argument. We hope you'll pass those thanks along to Mr. Palmer. So thank you very much. The case is taken under advisement, and the court will be in recess. Thank you, Your Honor.